IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 17-23598-CMB |
| Andrew W. Ryan | : | |
|    Debtor | : | Chapter 13 |
| | : | Related to Document No. |
| Andrew W. Ryan | : | |
| and Ronda J. Winnecour, Esq. (Trustee) | : | |
|    Movants | : | Response June 21st, 2021 |
| | : | Hearing: June 29th, 2021 |
|    v. | : | at 1:30 P.M. |
| Discover Bank, Wells Fargo Bank, N.A., Fifth | : | |
| Third Bank, Portfolio Recovery Associates, LLC: | | |
| Navient Solutions, LLC, PNC Bank NA, | : | |
| Freedom Mortgage Corporation | : | |
|    Respondents | : | |

## AMENDED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion to Sell Real Property Free and Clear of All Mortgages, Liens, and Encumbrances, after a Zoom Video Conference Hearing held on this date, the Court finds:

1. That service of the Notice of Hearing and Order Setting Hearing on said Motion for private sale of real property free and divested of liens of the above referenced named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

NAME OF LIENOR AND SECURITY                                           DATE OF SERVICE

1st Mortgage holder: **$132,364.21**                                  June 3, 2021
Freedom Mortgage Corporation
10500 Kincaid Drive
Fishers, IN 46037-9764

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed, and that the named parties were duly served with the Motion.

3. That said hearing was duly advertised on the Court's website pursuant to W.PA LBR 6004-1(c)(2) and in the Times West Virginia on June 10, 2021, and in the Exponent Telegram of Clarksburg, West Virginia on June 12, 2021, as shown by the Proof of Publication duly filed. It should be noted that no legal journal of general circulation exists in Marion County, West Virginia, and therefore a second local newspaper of general circulation was used for publication purposes.

4. That at the sale hearing the highest/best offer received was that of Anita D. Whitehair and no objections to the sale were made which would result in cancellation of said sale.

5. That the purchase price of $165,100.00 offered by Anita D. Whitehair was a full and fair price for the property in question.

6. That the Purchaser has acted in good faith with respect to the within sale, in accordance with In re Abbott's Dairies of Pennsylvania, Inc., 788 F2d. 143 (3d Cir. 1986)

Now therefore, **IT IS ORDERED, ADJUDGED, AND DECREED** that the sale by Special Warranty Deed of the real property described as 1338 Jo Harry Drive, Fairmont, WV 26554 is hereby **CONFIRMED** to Anita D. Whitehair for $165,100.00, free and divested of the above-recited liens and claims, and that the Movant is authorized to make, execute, and deliver to the above-named purchaser the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above-recited liens and claims be, and they hereby are, transferred to the proceeds of the sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale be free, clear, and divested of said liens and claims;

FURTHER ORDERED, that the following expenses and costs shall immediately be paid at the time of closing. Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions, including among other things, a fine or the imposition of damages after hearing and notice for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing:

(1) The following lien/claim in amount of:
   a. Freedom Mortgage Corporation (1st mortgage), TBD at closing: **$132,364.21**

(2) The Court approved realtor commission which represents **5%** of the gross sales price: **$8,495.00**

(3) Estimated closing expenses:
   a) Document preparation (est.)     **$250.00**

    b) Courier fee    **$50.00**
    c) Tax certification
    d) Wire fee    **$30.00**
    e) Satisfaction fee    **$11.00**
    f) Notary fee
    g) State and local transfer tax    **$704.00**
    h) Other

The actual amounts shall be determined at closing, which shall require payment in full of all current real estate taxes and municipal claims, both of which shall be prorated between buyer and seller through the date of closing.

(4) Court-approved attorney fees and costs payable to "Matthew M. Brennan, Esq. at 201 S. Highland Ave., Suite 201, Pittsburgh, PA 15206": **$750.00**

(5) The reimbursement of costs payable to "Matthew M. Brennan, Esq. at 201 S. Highland Ave., Suite 201, Pittsburgh, PA 15206", estimated at: **$188.00**
    a. Court filing fee $188.00
    b. (Publication fees to be paid by Debtor)

(6) Estimated Chapter 13 Trustee "percentage fees" payable to "Ronda J. Winnecour, Ch 13 Trustee, P.O. Box 2587, Pittsburgh, PA 15230: **Chapter 13 Trustee's Office informed counsel for the Debtor via email that no direct percentage fees should be owed.**

(7) Estimated net proceeds payable to "Ronda J. Winnecour, Ch 13 Trustee", PO Box 84051, Chicago, IL 60689-4002: **$22,257.90**

IT IS FURTHER ORDERED THAT:

1) Within seven (7) days of the date of this Order, the Movant/Plaintiff shall serve a copy of this Order on each Respondent/Defendant (i.e. each party against whom relief is sought) and its attorney of record (if any), upon any attorney or party who answered the Motion or appeared at the hearing, the attorney for the Debtor, the Closing Agent, the Purchaser (and any attorney of the Purchaser) and file a Certificate of Service.

2) Closing shall occur on or before July 21, 2021.

3) Within seven (7) days following closing, the Movant/Plaintiff shall file a Report of Sale which shall include a copy of the HUD-1 or other settlement statement

4) This Sale Confirmation Order survives any dismissal or conversion of this case.

5) Counsel for the Debtor will serve this Amended Order on all creditors on the mailing matrix.

By the Court:

_____
Honorable Carlota M. Bohm
United States Bankruptcy Judge